AMY, J.,
concurring in part and dissenting in part.
|,I agree with much of the majority’s opinion. However, I respectfully dissent from that portion of the opinion reversing the trial court’s award for damages associated with Mr. Gremillion’s surrender of the vehicle to the creditor.
In my opinion, the trial court’s award of damages is supported by the record. Certainly, the vehicle’s ownership was in transition at the time of the vehicle’s surrender. Although the trial court’s reasons for ruling awarding Mrs. Gremillion ownership of the vehicle had been rendered at the time the vehicle was taken, the related judgment had not yet been signed. Nor, of course, had the suspensive appeal been perfected. This unfolding situation, in my opinion, supports the trial court’s determination that damages were appropriate for criminal proceedings instituted against Mr. Gremillion.
As for the quantum of damages awarded for the difficulties surrounding the vehicle, I recognize that $20,000 is at the upper range of the trial court’s discretion. However, the trial court’s award recognized both the frustration associated with the creditors and the criminal proceedings, which included an arrest and a grand jury review. Accordingly, I find that the award of general damages is supported by the record and that the quantum was within the trial court’s discretion.
For these reasons, I dissent in part.